# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff / Respondent,

v.                                                          Civil No. 06-780 JP/RHS
                                                            Crim No. 04-1507 JP

URBANO MAGALLON ALVARADO,

        Defendant / Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND

## RECOMMENDED DISPOSITION REGARDING MOTION TO DISMISS

    1.  **THIS MATTER** comes before the Court on the Respondent Government's Motion to Dismiss a Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 Filed on August 24, 2006 ("Motion to Dismiss"), filed September 21, 2006 **[Doc. 4]**.  Respondent contends that Movant Alvarado's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed August 24, 2006 **[Doc. 1]** is time-barred subject to the one year statute of limitations in the Antiterrorist and Effective Death Penalty Act ("AEDPA").  Mr. Alvarado, who is incarcerated and proceeding *pro se*, has not filed a response to the Government's Motion to Dismiss.

    2.  On April 1, 2005, following a guilty plea and sentencing hearing, the Honorable James A. Parker, United States District Judge, entered judgment against Defendant Alvarado. (See United States v. Alvarado, 04-Cr-1507 JP, Judgment in a Criminal Case ("Judgment") (filed

Apr. 1, 2005) **[Crim. Doc. 29]**).[1]  In December of 2005, Mr. Alvarado requested leave to file a

"belated notice of appeal."  (<u>Alvarado</u>, Order **[Crim. Doc. 34]**).  Mr. Alvarado's request was

denied by the District Court on March 15, 2006 and his appeal was dismissed by the United States

Court of Appeals for the Tenth Circuit ("Tenth Circuit") on April 19, 2006.[2]  (<u>Alvarado</u>, Order

**[Crim. Doc. 34]**; Order **[Crim. Doc. 35]**).  Mr. Alvarado subsequently filed his § 2255 Motion in

this Court on August 24, 2006.

      3.  Section 2255 "requires a motion seeking relief to be filed within one-year of the later

of the following:

> (1) the date on which the judgment of conviction becomes final;
> . . . .
> (4) the date on which the facts supporting the claim or claims presented could have been
> discovered through the exercise of due diligence."

<u>United States v. Lopez</u>, 2006 WL 2556360, at *1 (10th Cir. Sept. 6, 2006) (citing 28 U.S.C. §

2255) (Slip Copy, not selected for publication in the Federal Reporter).  In its Motion to Dismiss,

the Government contends that the § 2255 Motion is untimely because it was filed more than one

year after Mr. Alvarado's conviction became final.  The Government further argues that the

pendency of Mr. Alvarado's motion to file a "belated notice of appeal" cannot toll the statute of

limitations "because he caused the delays through his own late filing" of the motion.  (Motion to

Dismiss at 3).

---

[1]Mr. Alvarado was convicted of Reentry of Deported Alien Previously Convicted of an
Aggravated Felony and sentenced "to be imprisoned for a total term of **57 months**."  (<u>Alvarado</u>,
Judgment at 1-2 (bold in original)).

[2]Both Courts' decisions cited to FED. R. APP. P. 4(b).  "The maximum time available to
file a notice of appeal under Rule 4(b), including extensions, is forty days."  <u>United States v.
Robbins</u>, 179 F.3d 1268, 1270 (10th Cir. 1999) (citations omitted).

4.   The Court agrees that Mr. Alvarado's § 2255 Motion may be untimely based on the Government's argument regarding the finality of his conviction.  That is, assuming the maximum amount of time available to file a direct appeal under FED. R. APP. P. 4(b), Mr. Alvarado had until approximately mid-May of 2006 in which to file a motion to vacate his sentence in federal court. Mr. Alvarado's § 2255 Motion, signed on July 31, 2006 and file-stamped on August 24, 2006, was filed more than two months beyond that date.

5.   However, in his § 2255 Motion, Mr. Alvarado claims that he received ineffective assistance of counsel because his attorney failed to file a timely notice of appeal.  In his motion for leave to file a late appeal, Mr. Alvarado asserted that he "informed counsel Angela Arellanes, that he desired to file with the District Court Notice of Appeal[,]" and that Ms. Arellanes "led defendant to believe that she had filed that notice."  (Alvarado, Motion to File for Leave for Belated Notice of Appeal at 1 **[Crim. Doc. 33]**).  Mr. Alvarado also alleged that he "filed several correspondences to Counsel Angela Arellanes" instructing her to appeal and "inquir[ing] as to the posture thereof, however, Ms. Arellanes had failed to respond."  (Id. at 2).  Moreover, Mr. Alvarado apparently contends that he did not know that his counsel had not filed a notice of appeal until he received a copy of the docket from the Clerk of Court in November of 2005.  (See id. at 2).

6.   In its Motion to Dismiss, the Government did not address whether § 2255(4) and/or equitable tolling might apply to a timeliness analysis, in light of Mr. Alvarado's allegations that his counsel failed to file a timely appeal.  See, e.g., Lopez, 2006 WL 2556460, at *1-*2 (indicating that § 2255(4) may apply in determining timeliness under similar circumstances).  At this juncture, the Court cannot conclusively determine that Mr. Alvarado's § 2255 Motion is barred as untimely

pursuant to the limitations set forth in AEDPA.  Accordingly, the Motion to Dismiss should be denied and the Government should be directed to respond to Mr. Alvarado's § 2255 Motion.

**Conclusion**

The Court recommends that the Government's Motion to Dismiss a Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 Filed on August 24, 2006 **[Doc. 4]** be **denied** without prejudice.  The Court further recommends that the Government be directed to respond to Mr. Alvarado's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Robert Hayes Scott
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE